Minute Order F(...)06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1208 | **DATE** | 8/22/2000 |
| **CASE TITLE** | Rudolph Winfrey vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: The City's Bill of Costs is granted, as modified. The City is awarded costs of $2,302.60.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 3 2000 | |
| | Notified counsel by telephone. | | date docketed | 94 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 8/22/2000 | |
| | Copy to judge/magistrate judge. | 00 AUG 22 PM 4: 53 | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | KMc mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUDOLPH WINFREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 96 C 1208 |
| ) | |
| CITY OF CHICAGO, ) | Magistrate Judge Nan R. Nolan |
| ) | |
| Defendant. ) | |

DOCKETED
AUG 23 2000

### MEMORANDUM OPINION AND ORDER

On June 20, 2000, this Court granted summary judgment in favor of the City of Chicago (the "City") and against Rudolph Winfrey ("Winfrey") on Winfrey's claims that the City violated the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. This matter is now before the Court on Winfrey's objections to the City's bill of costs. The City seeks costs in the amount of $2,702.90. For the reasons set forth below, the City is entitled to costs in the amount of $2,302.60

Under Federal Rule of Civil Procedure 54(d), "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). The parties do not dispute that the City is the "prevailing party" here. "Generally, only misconduct by a prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs." Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988). The losing party bears the burden of affirmatively showing that the prevailing party is not entitled to costs. Id.

Winfrey raises three main objections to the City's bill of costs: (1) imposing costs on him will chill individual plaintiffs from pursuing meritorious claims; (2) he is not able to pay the City's costs without great hardship, and (3) the City is not entitled to all the costs it seeks for transcripts and copying. The Court will address each of Winfrey's objections in turn.

Winfrey first argues that imposing costs on him would chill individual plaintiffs from pursuing meritorious claims. Although summary judgment was entered in favor of the City and against Winfrey on all claims, Winfrey maintains that he prevailed on one of his primary goals which was returning to work for the City. Winfrey returned to work with the City in December, 1996 after this action was filed. The Court rejects Winfrey's argument as a basis for denying costs. Winfrey's argument might have more appeal if he had voluntarily dismissed this action immediately after he returned to work in December 1996. Instead, he continued to pursue this lawsuit and the City continued to incur costs in defending the case. By deciding to proceed with the lawsuit after returning to work, Winfrey ran the risk that he might be unsuccessful and suffer an assessment of additional costs.

Winfrey also argues that City's costs should be denied because the imposition of costs would cause him "great hardship." Although inability to pay is a proper factor to be considered in assessing costs, the Seventh Circuit has equated "inability to pay" with indigency. Burroughs v. Hills, 741 F.2d 1525, 1533 (7th Cir. 1984) (holding fact that plaintiffs were of limited means but not indigent was not sufficient ground for relieving loser of costs); Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983); Delta Air Lines, Inc. v. Colbert, 692 F.2d 489, 491 (7th Cir. 1982) (indicating that the plaintiff could be excused from paying costs if the district court found on remand that she was indigent). Financial hardship is not enough. Colbert, 692 F.2d at 491 (stating "It is

-2-

unfortunate that the costs may be large and the losing [party] may be hard-pressed to pay them, but we cannot find in those circumstances a good basis for denying costs . . . under Rule 54(d).")

Winfrey states that imposition of costs would create a "further hardship on [his] family," but he does not claim to be indigent. Winfrey filed an affidavit indicating that his wife has not worked since November 1, 1999 and he is the sole support for his wife and two minor children. Winfrey indicates that his monthly expenses meet or exceed his income. Winfrey's affidavit also admits, however, that he is gainfully employed with the City and earns an annual salary of $36,000. Winfrey has not submitted any information about his assets and any savings that he may have. This showing does not qualify as "indigency." The fact that the imposition of costs may cause a financial hardship is not a sufficient basis for denying the City costs which it is presumptively entitled to "as a matter of course."[1]

Winfrey next challenges the costs the City seeks for transcripts and copies. Section 1920 allows the prevailing party to recover (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. In assessing a bill of costs, the court must determine whether the costs are allowable and if so, whether they are both reasonable and necessary. Soler v. Waite, 989 F.2d 251, 255 (7th Cir. 1993).

---

[1] Winfrey's argument that the disparity in financial resources between the parties can be considered in assessing costs has been rejected by the Seventh Circuit. See Reed v. International Union of United Auto., Aerospace, & Agric. Implement Workers of America, 945 F.2d 198, 204 (7th Cir. 1991) (holding "[t]o reverse a district court's award of costs to a prevailing party, it is not enough to establish good faith and a disparity between the parties' financial situations: a party must demonstrate misconduct on the part of the opposing party or indigence.").

The City seeks $2,494.20 for deposition transcript costs. Winfrey first claims, without citation to any authority, that the City is not entitled to recover costs for deposition transcripts because it failed to present proof that the invoices regarding the depositions were actually paid. On the Bill of Costs filed by the City, its attorney declared under penalty of perjury that the costs sought are "correct and were necessarily incurred in this action and that services for which fees have been charged were actually and necessarily performed." Counsel's declaration that the deposition transcript costs were incurred in this action is sufficient. Neither Federal Rule of Civil Procedure 54(d) nor Local Rule 54.1 requires further documentation.

Winfrey correctly points out that the $1.60 per page charge for the copy of Francisco Carranza's deposition exceeds the maximum allowable charge of $0.75 per page. See Local Rule 54.1; Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445 (7th Cir. 1998). Accordingly, the costs to be taxed for the copy of Francisco Carranza's deposition will be reduced by $141.95. Winfrey also claims that the charge of $2.75 for copies of exhibits to Carranza's deposition are not recoverable because these exhibits were duplicate copies produced during discovery. Because the City already possessed copies of the deposition exhibits, the City will not be allowed to recover the costs of copying the exhibits. Id. Thus, the costs for Carranza's deposition will be reduced by a total of $144.70.

Winfrey next objects to the cost for the expedited transcript of Winfrey's deposition dated 8/12/97. The additional cost of expedited transcripts is not recoverable unless the City can show that the expedited transcripts were reasonable and necessary. Reed-Union Corp. v. Turtle Wax, Inc., 1995 WL 138986, *2 (N.D. Ill. 1995). The City provides no explanation for the expedited transcript. Accordingly, the City may not recover that cost. The charges for Winfrey's deposition dated 8/12/97

will be reduced to $2.85 per page which is the non-expedited charge of Urlaub, Bowen & Associates, Inc. The bill of costs will be reduced by $78.75.

Winfrey objects to the charge for condensed transcripts of his depositions dated 12/13/96 and 8/12/97. Costs for condensed transcripts are not recoverable. Equal Employment Opportunity Commission v. Nicosia, 1999 WL 965854, *3 (N.D. Ill. 1999). The amount of $64.20 for the costs associated with condensed transcripts is disallowed.

Winfrey's final objection to the transcript costs concerns the charge for delivery of Carranza's deposition. In Finchum v. Ford Motor Co., 57 F.3d 526, 534 (7th Cir. 1995), the Seventh Circuit upheld the award of "delivery charges by the court reporter." Winfrey's objection is overruled and the $1.75 delivery charge is allowed.

Winfrey also challenges certain of the City's copying charges. Section 1920(4) allows costs for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920. The City cannot recover the cost of copies made for its own use. McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990) (holding that section 1920 "does not encompass the [prevailing party's] copying of court filings for its own use."). The City made four copies of its filings: one courtesy copy filed with chambers; one copy filed with the clerk of court (see Local Rule 5.3); one copy for Winfrey; and one copy for the City's records. Thus, the City can only recover the costs incurred in making three copies of its court filings. The City is not entitled to reimbursement of $31.95 for copies of its court filings. With respect to discovery responses, the City can not recover the costs incurred in making any copies because discovery materials are not filed with the Court and the original could be sent to Winfrey. See Local Rule 26.3. The $75.00 in copying costs for discovery responses is not allowed. Similarly, charges for copies of correspondence for the City's use are not

-5-

recoverable. The bill of costs will be reduced by $5.70 for copies of correspondence.

For the reasons set forth above, the City's Bill of Costs is granted, as modified. The City is awarded costs of $2,302.60.

ENTER:

*Nan R. Nolan*

Nan R. Nolan
United States Magistrate Judge

Dated: AUG 2 2 2000